# UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA
# PHILADEPHIA DIVISION

| | |
|---|---|
| In re:<br><br>**Bobby L Fisher**<br>    Debtor<br><br>CitiMortgage, Inc.<br>    Movant<br><br>v.<br><br>Bobby L Fisher<br>    Debtor/Respondent<br><br>KENNETH E. WEST, Esquire<br>    Trustee/Respondent | Bankruptcy No. 22-11170-mdc<br><br>Chapter 13<br><br>Hearing Date: May 14, 2024<br>Hearing Time: 11:00 A.M.<br>Location: 900 Market Street, Suite 202<br>Philadelphia, PA 19107<br>Courtroom Number #4 |

## MOTION OF CITIMORTGAGE, INC. FOR RELIEF FROM THE AUTOMATIC STAY TO PERMIT CITIMORTGAGE, INC.  TO FORECLOSE ON 1418 MILTON STREET, BISTOL, PENNSYLVANIA 19007

Secured Creditor, CitiMortgage, Inc., by and through the undersigned counsel, hereby moves this Court, pursuant to 11 U.S.C. § 362(d), for a modification of the automatic stay provisions for cause, and, in support thereof, states the following:

1. Debtor(s), Bobby L. Fisher, filed a voluntary petition pursuant to Chapter 13 of the United States Bankruptcy Code on May 04, 2022.

2. Jurisdiction of this cause is granted to the Bankruptcy Court pursuant to 28 U.S.C. § 1334, 11 U.S.C. § 362(d), Fed. R. Bankr. P. 4001(a), and all other applicable rules and statutes affecting the jurisdiction of the Bankruptcy Courts generally.

3. On December 15, 2008, Bobby Fisher executed and delivered a Promissory Note ("Note") and Mortgage ("Mortgage") securing payment of the Note in the amount of $261,548.00 to Harleysville National Bank & Trust Company.  A true and correct copy of the Note is

attached hereto as Exhibit "A."

4. The Mortgage was recorded on December 19, 2008 in Instrument Number 2008102171 of the Public Records of Bucks County, Pennsylvania. A true and correct copy of the Mortgage is attached hereto as Exhibit "B."

5. The Mortgage was secured as a lien against the Property located at 1418 Milton Street, Bristol, Pennsylvania 19007, ("the Property").

6. A loan modification was entered into on March 23, 2017, creating a new principal balance of $231,388.58. A true and correct copy of the Agreement is attached hereto as Exhibit "C."

7. The loan was lastly assigned to CitiMortgage, Inc. and same was recorded with the Bucks County Recorder of Deeds on May 24, 2012, as Instrument Number 2012042892. A true and correct copy of the Assignment of Mortgage is attached hereto as Exhibit "B."

8. Based upon the Debtor(s)' Third Amended Chapter 13 Plan (Docket No. 35), the Debtor intends to cure Secured Creditor's pre-petition arrearages within the Chapter 13 Plan and is responsible for maintaining post-petition payments directly to Secured Creditor. A true and correct copy of the Third Amended Chapter 13 Plan is attached hereto as Exhibit "D."

9. Debtor has failed to make the monthly payments of principal, interest, and escrow in the amount of $1,641.50 which came due on January 1, 2023 through March 1, 2024, respectively.

10. Thus, Debtor(s)' post-petition arrearage totaled the sum of $4,727.08 less suspense of $197.42 through March 31, 2024.

11. As of March 18, 2024 the current unpaid principal balance due under the loan documents is approximately $207,136.48. Movant's total claim amount, itemized below, is

approximately $235,142.38.  See Exhibit "F."

| | |
|---|---|
| Principal Balance | $207,136.48 |
| Interest (From 05/01/22 To 03/18/24) | $14,120.42 |
| Escrow Advance | $5,358.78 |
| Total-Fees | $70.75 |
| Accum late Charges | $759.78 |
| Recoverable Balance | $7,696.17 |
| Total to Payoff | $235,142.38 |

12. According to the Debtor(s)' schedules, the value of the property is $315,900.00.  A true and accurate copy of the Debtor(s)' Schedule A/B is attached hereto as Exhibit "G."

13. Under Section 362(d)(1) of the Code, the Court shall grant relief from the automatic stay for "cause" which includes a lack of adequate protection of an interest in property. Sufficient "cause" for relief from the stay under Section 362(d)(1) is established where a debtor has failed to make installment payments or payments due under a court-approved plan, on a secured debt, or where the Debtor(s) have no assets or equity in the Mortgaged Property.

14.  As set forth herein, Debtor has defaulted on his secured obligation as he has failed to make his/her/their monthly post-petition installment payments.

15. As a result, cause exists pursuant to 11 U.S.C. § 362(d) of the Code for this Honorable Court to grant relief from the automatic stay to allow Secured Creditor, its successor and/or assignees to pursue its state court remedies, including the filing of a foreclosure action.

16. Additionally, once the stay is terminated, the Debtor(s) will have minimal motivation to insure, preserve, or protect the collateral; therefore, Secured Creditor requests that the Court waive the 14-day stay period imposed by Fed.R.Bankr.P. 4001(a)(3).

**WHEREFORE**, Secured Creditor, prays this Honorable Court enter an order modifying the automatic stay under 11 U.S.C. § 362(d) to permit CitiMortgage, Inc. to take any and all steps

necessary to exercise any and all rights it may have in the collateral described herein, to gain possession of said collateral, to seek recovery of its reasonable attorneys' fees and costs incurred in this proceeding, to waive the 14-day stay imposed by Fed.R.Bankr.P. 4001(a)(3), and for any such further relief as this Honorable Court deems just and appropriate.

Date: April 16, 2024

> **Robertson, Anschutz, Schneid, Crane & Partners, PLLC**
> Attorney for Secured Creditor
> 13010 Morris Rd., Suite 450
> Alpharetta, GA 30004
> Telephone: 470-321-7112
> By: /s/ Michelle L. McGowan
> Michelle L. McGowan
> PA Bar Number 62414
> Email: mimcgowan@raslg.com